Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| EDUARDO FERRER VELÁZQUEZ<br><br>Parte Recurrente<br><br>v.<br><br>COMISIÓN APELATIVA SERVICIO PÚBLICO<br><br>Parte Recurrida | TA2026RA00319 | *Revisión Decisión Administrativa* procedente de la Policía de Puerto Rico, Comisión Apelativo de Servicio Público<br><br>Caso núm.:<br>SA-25-000033<br><br>Sobre: Retribución |
|---|---|---|

Panel integrado por su presidente, el Juez Bonilla Ortiz, la Jueza Martínez Cordero y el Juez Robles Adorno.

Robles Adorno, Juez Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de junio de 2026.

El 12 de junio de 2026, el señor Eduardo Ferrer Velázquez (el señor Ferrer Velázquez o el recurrente), por derecho propio y de *in forma pauperis*, presentó ante nos una *Revisión de Decisión Administrativa* en la que solicitó que revoquemos las acciones tomadas por la Comisión Apelativa Servicio Público (la CASP o la parte recurrida) sobre no restituirle el tiempo que se le había descontado tras no estar bajo una licencia sin sueldo.

Por los fundamentos que expondremos a continuación, confirmamos la *Resolución* recurrida.

**I.**

El caso de autos tuvo su origen cuando el 7 de febrero de 2025, el recurrente instó una *Solicitud de Apelación,* por derecho propio, en la que cuestionó la cuantía recibida en concepto de la liquidación de deuda del aumento salarial.[1] Argumentó que, la parte recurrida erró en permitir que el Negociado de la Policía de Puerto Rico le descontara unas horas con respecto a una licencia sin sueldo, pese a que no había solicitado dicha licencia. Empero,

---

[1] *Véase* el expediente administrativo.

admitió que, solicitó el pago rechazado y fue desembolsado en octubre de 2023 la suma de $6, 733.79. No obstante, el recurrente continuaba con la reclamación del restante del dinero adeudado.

Así las cosas, el 30 de abril de 2026, la CASP emitió una *Resolución* en la que desestimó la *Solicitud de Apelación* puesto que el recurrente la presentó pasado el término de treinta (30) días jurisdiccionales para presentar una apelación.[2] Así pues, señaló que, el Art. 12 del *Plan de Reorganización de la Comisión Apelativa del Servicio Público*, Plan de Reorganización Núm. 2 de 26 de julio de 2010, según enmendado, 3A LPRA Ap. XIII, Artículo 12, (Plan de Reorganización Núm. 2-2010), le confiere jurisdicción cuando:

> a) cuando un empleado, dentro del Sistema de Administración de los Recursos Humanos, no cubierto por la Ley Núm. 45-1998, según enmendada, conocida como la "Ley de Relaciones del Trabajo del Servicio Público", alegue que una acción o decisión le afecta o viola cualquier derecho que se le conceda en virtud de las disposiciones de la Ley 8-2017, según enmendada, la Ley 107- 2020, según enmendada, conocida como "Código Municipal de Puerto Rico", los reglamentos que se aprueben para instrumentar dichas leyes, o de los reglamentos adoptados por los Administradores Individuales para dar cumplimiento a la legislación y normativa aplicable;

Con ello, resaltó que, el Art. 13 del Plan de Reorganización Núm. 2-2010, *supra*, Artículo 13, establece que, "una parte adversamente afectada deberá presentar escrito de apelación a la Comisión dentro del término jurisdiccional de treinta (30) días, contados a partir de la fecha en que se le notifica la acción o decisión, objeto de apelación, en caso de habérsele notificado por correo, personalmente, facsímile o correo electrónico, o desde que advino en conocimiento de la acción o decisión por otros medios". En adición, razonó que, la Sección 1.2 del Reglamento Procesal Núm. 7313, mandata que, un escrito de apelación deberá ser presentado dentro del término jurisdiccional de treinta (30) días. La CASP indicó que, en los documentos anejados en la apelación, el apelante incluyó una carta en la que alegó que, el 24 de agosto de 2023, fue celebrada una vista

---

[2] *Íd.*

administrativa en la que el recurrente estuvo en desacuerdo con lo discutido durante la vista. Empero, entendió que, el señor Ferrer Velázquez presentó pasado el término jurisdiccional de treinta (30) días la apelación ante la CASP toda vez que, la vista fue celebrada en el 2023. En otros términos, determinó que, a tenor con la Carta Circular DSP-2023-CC-001, un empleado que no aceptara un cheque podía impugnarlo dentro del término de treinta (30) días. Consecuentemente, la CASP entendió que, tampoco el recurrente radicó dentro del término de treinta (30) días una solicitud de revisión. Ante este cuadro, la CASP determinó que, carecía de tener jurisdicción toda vez que, el señor Ferrer Velázquez no instó dentro del término jurisdiccional un recurso de apelación.

Insatisfecho, el 30 de abril de 2026, el recurrente radicó una *Moción en Solicitud de reconsideración* en la que solicitó la reconsideración del dictamen emitido por la CASP.[3] Sin embargo, la CASP no emitió un dictamen sobre ello.

Inconforme, el 12 de junio de 2026, el señor Ferrer Velázquez instó una *Revisión de Decisión Administrativa* en la que solicitó que revoquemos la *Resolución* recurrida en virtud de que carece de una *Resolución Final* sobre la vista administrativa y procede el reembolso de unas horas descontadas puesto que no había solicitado una licencia sin sueldo.

El 15 de junio de 2026, emitimos una *Resolución* en la que solicitamos que la CASP elevara una copia certificada del expediente administrativo en aras de auscultar nuestra jurisdicción y tener la totalidad del expediente administrativo ante nos.

Luego, el 24 de junio de 2026, emitimos una *Resolución* en la que ordenamos a la CASP a presentar su oposición.

En cumplimiento con nuestra *Resolución,* el 25 de junio de 2026, la CASP radicó una *Comparecencia especial en cumplimiento*

---

[3] *Íd.*

*de Resolución* en la que indicó que, no era parte en el caso sino una parte con interés. Por otro lado, adujo que, su posición sobre la controversia está atendida en la *Resolución* archivada en autos el 30 de abril de 2026 y, por tanto, solicitó que la eximiéramos de expresarse sobre el recurso.

Sin embargo, el 25 de junio de 2026, emitimos una *Resolución* en la que solicitamos la comparecencia del Negociado de la Policía de Puerto Rico para que presentara su postura en cuanto a lo reclamado por el recurrente.

El 26 de junio de 2026, la Policía de Puerto Rico radicó una urgente solicitud de breve término en la que nos solicitó que le concediéramos una prórroga para presentar su postura.

En igual fecha, emitimos una *Resolución* en la que le concedimos un corto término para instar su postura.

A tenor con lo emitido, el 29 de junio de 2026, el Negociado de la Policía de Puerto Rico radicó un *Escrito en cumplimiento de orden* en la que solicitó que confirmemos la *Resolución* recurrida toda vez que, el recurrente presentó fuera del término establecido una *Apelación*. En adición, el recurrente aceptó una cuantía por lo que constituyó un pago en finiquito y dio finalidad a la controversia. Además, tampoco instó una reclamación dentro del término de treinta (30) días a partir de haber recibido el cheque. Consecuentemente, solicitó que confirmáramos el dictamen recurrido.

Con el beneficio de la comparecencia de las partes, procederemos a resolver el caso de autos.

**II.**

**A.**

La jurisdicción es el poder o la autoridad que posee un tribunal para considerar y decidir casos o controversias con efecto vinculante entre las partes. *MCS Advantage, Inc. V. Fossas Blanco,*

211 DPR 135, 144 (2023); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021); *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385–386 (2020); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020). Los tribunales estamos impedidos de atender controversias en las que carezcamos de jurisdicción sobre la materia. *MCS Advantage, Inc. V. Fossas Blanco, supra*, pág. 144-145. La jurisdicción sobre la materia ha sido definida como "la capacidad del Tribunal para atender y resolver una controversia sobre un aspecto legal". *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 708 (2014). Los asuntos relacionados a la jurisdicción son privilegiados y deben resolverse con preferencia a cualquiera otro asunto. *SLG Szendrey Ramos v. F. Castillo, supra*, pág. 882. Los tribunales deben examinar su propia jurisdicción, así como del foro de donde procede el recurso ante su consideración. *SLG Szendrey Ramos v. F. Castillo, supra*, pág. 883. Es por ello que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020). Por tal razón, es norma reiterada que los tribunales son celosos guardianes de su jurisdicción y que tienen el deber ineludible de auscultar dicho asunto con preferencia a cualesquiera otros. *Pueblo v. Torres Medina*, 211 DPR 950 (2023). Los tribunales no tienen discreción para asumir jurisdicción donde no la tienen. *SLG Szendrey Ramos v. F. Castillo*, 169 DPR 873, 882 (2007); *Morán v. Martí*, 165 D.P.R. 356 (2005).

**B.**

La *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley Núm. 38 de 2017, según enmendada, 3 LPRA secs. 9601 et seq., (LPAU) establece el alcance de la revisión judicial de las determinaciones de las agencias administrativas. A tenor de esta y la jurisprudencia aplicable, la revisión judicial consiste, esencialmente, en determinar si la actuación de la agencia se dio

dentro de las facultades que le fueron conferidas por ley, si es compatible con la política pública que la origina y si es legal y razonable. *O.E.G v. Diaz Atienza*, 2025 TSPR 128; *Capó Cruz v. Junta de Planificación*, 204 DPR 581, 590-591 (2020). La Revisión Judicial es aplicable a aquellas órdenes, resoluciones y providencias adjudicativas finales dictadas por agencias o funcionarios administrativos que serán revisadas por el Tribunal de Apelaciones. *Capó Cruz v. Junta de Planificación,* supra; 3 LPRA sec. 9671. La Revisión Judicial de determinaciones administrativas responde principalmente a delimitar la discreción de las agencias y velar que ejerzan sus funciones conforme a la ley. *Mun. De San Juan v. J.C.A.*, 149 DPR 263, 279 (1999); *Simpson, Passalacqua v. Quirós, Betances*, 214 DPR 370, 375 (2024). La intervención judicial se rige por los parámetros establecidos en la LPAU. *Simpson, Passalacqua v. Quirós, Betances, supra*. Asimismo, la sección 4.2 de la LPAU establece que:

> Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración.

> *Íd.* 3 LPRA sec. 9672.

El mecanismo de revisión judicial se extiende a aquellas órdenes, resoluciones y providencias adjudicativas finales dictadas por las agencias o funcionarios administrativos. *Simpson, Passalacqua v. Quirós, Betances, supra*, pág. 378. La LPAU no define lo que es una orden o resolución final, pero, el Tribunal Supremo ha definido una orden o resolución final como "las decisiones que ponen fin al caso ante la agencia y que tienen efectos sustanciales sobre las partes". *J. Exam Tec. Med. V. Elías et al.*, 144 DPR 483,

490 (1997). La orden o resolución final, resuelve todas las controversias pendientes ante la agencia y da finalidad al proceso administrativo. *Simpson, Passalacqua v. Quirós, Betances, supra,* pág. 378 (citando a *Miranda Corrada v. DDEC et al.,* 211 DPR 738, 741–742 (2023)); *Fonte Elizondo v. F & R Const.,* 196 DPR 353, 358 (2016); *ARPe v. Coordinadora,* 165 DPR 850, 867 (2005); *Crespo Claudio v. OEG,* 173 DPR 804, 813 (2008); *Comisionado Seguros v. Universal,* 167 DPR 21, 28 (2006). Las decisiones administrativas que no cumplan ese criterio no son revisables judicialmente. *Simpson, Passalacqua v. Quirós, Betances, supra,* pág. 378.

### III.

Sabido es que cuando una parte adversamente afectada por una resolución u orden final de una agencia puede acudir ante nos mediante un recurso de Revisión Judicial. La LPAU le confirió jurisdicción a este Tribunal de Apelaciones para revisar un dictamen final de una agencia si la parte comparece ante nos dentro del término de treinta (30) días.[4] En lo pertinente a la controversia, el Art. 13 del Plan de Reorganización Núm. 2-2010, *supra,* Artículo 13, establece que, "una parte adversamente afectada deberá presentar escrito de apelación a la Comisión dentro del término jurisdiccional de treinta (30) días, contados a partir de la fecha en que se le notifica la acción o decisión, objeto de apelación, en caso de habérsele notificado por correo, personalmente, facsímile o correo electrónico, o desde que advino en conocimiento de la acción o decisión por otros medios".

A tenor con el tracto procesal expuesto, la normativa aplicable y la totalidad del expediente ante nuestra consideración, resolvemos que debemos confirmar el dictamen recurrido. En primer lugar, considerando que el recurrente admitió que, hubo una vista administrativa celebrada en el 2023, el recurrente debió haber

---

[4] *Véase* Sección 4.2 de la LPAU, *supra.*

instado su apelación a partir de la celebración de dicha vista. Además, la normativa aplicable establece que, el recurrente tenía treinta (30) días para radicar una apelación una vez adviniera en conocimiento sobre la determinación de la CASP. Así pues, este advino en conocimiento sobre la postura de la agencia administrativa durante la referida vista, por lo que debió haber radicado su apelación a partir de la celebración de la vista administrativa. Empero, el recurrente radicó su apelación varios meses después de tener conocimiento sobre la postura de la CASP y, por tanto, instó fuera del término establecido su apelación. En segundo lugar, el 3 de abril de 2023, el recurrente objetó un cheque. Empero, tras la CASP no pronunciarse dentro del término que mandata la Carta Circular DSP-2023-CC-001, transcurrido dicho término, este debió haber presentado una apelación en el término de treinta (30) días. Ciertamente, en varias instancias el recurrente incumplió con los términos establecidos para presentar una apelación ante la CASP y, por tanto, ocasionó que el organismo administrativo no tuviera jurisdicción para atender su petitorio. Consecuentemente, concurrimos con el dictamen recurrido a los efectos de que la presentación tardía de una apelación privó de jurisdicción a la CASP para atender la *Apelación* presentada por el recurrente.

Es menester resaltar que, surge del expediente administrativo que, el 19 de octubre de 2023, el recurrente aceptó un cheque en concepto de liquidación de deuda titulado "Elección y Relevo". Es decir, el recurrente está impugnando una cuantía que fue previamente aceptada por este. Ante este cuadro, resulta improcedente alterar la *Resolución* recurrida toda vez que, el recurrente aceptó una cuantía en concepto de liquidación de deuda, relevando a la CASP y, no instó conforme a la normativa aplicable una apelación.

**IV.**

Por los fundamentos que anteceden, confirmamos la *Resolución* recurrida.

Notifíquese.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones